IN IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : 3:16-CR-206 |
| | : (JUDGE MARIANI) |
| CARRIE F. AKER, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On January 13, 2020 Defendant Carrie F. Aker filed, *pro se*, a Motion to Reduce Defendant's Sentence (Doc. 121)[1] under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Pub. L. 115-391 (First Step Act), § 603 (b)(1), 132 Stat. 5194, 5239. In particular, Defendant seeks to have her sentence "reduced from 40 months to 28 months [with] the final 9 months of [the] sentence [to be] on Direct Home Confinement." (Doc. 121). Defendant alleges that such reduction is appropriate based on the extraordinary and compelling circumstances of her mother-in-law being diagnosed with pancreatic cancer while she and her husband are currently incarcerated and unable to undertake her mother-in-law's care. (*Id.*). Defendant

---

[1] While the Defendant has not filed a brief supporting her motion in compliance with M.D. Pa. L.R. 7.5 such that the Court could consider the motion withdrawn, *see* M.D. Pa. L.R. 7.5, because the Defendant is proceeding *pro se*, the Court will consider the merits of the motion. *See Rinaldi v. United States*, 2019 WL 6328027, at *2 (M.D. Pa. 2019) (considering merits of *pro se* motion which did not have supporting brief).

further alleges that the Court did not consider the correct restitution amount when determining whether a downward sentence departure was appropriate in her case. (*Id*.).

Defendant is incarcerated at FPC Alderson in Alderson, West Virginia, based on a sentence imposed by the late Honorable A. Richard Caputo on May 9, 2019. (Doc. 119). Judge Caputo sentenced Defendant to 64 months of imprisonment, three years of supervised released, and $269,575.35 of restitution following Defendant's guilty plea to one count of conspiracy to commit money laundering and one count of aggravated identity theft. (*See* Docs. 1, 80, 90, 119).

In its opposition brief filed on June 23, 2020, the Government asserts that the motion should be denied without prejudice based on Defendant's failure to exhaust her administrative remedies. (*See* Doc. 123 1-2, 5). Alternatively, the Government asserts that home confinement would be inappropriate as there is no statutory or constitutional authority to seek such type of confinement with this Court as it is left to the discretion of the Bureau of Prisons ("BOP"). (*Id*. at 2-4).

The pending motion is now ripe for disposition.

## II. ANALYSIS

As stated, Defendant's request for a sentence reduction is based on 18 U.S.C. § 3582(c)(1)(A)(i). Because the provision contains an exhaustion requirement which Defendant has not satisfied, the Court concludes she is not entitled to reduction in her term of imprisonment at this time based on § 3582(c).

18 U.S.C. § 3582, as amended by the First Step Act, in relevant part, provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. §§ 3582(c), (c)(1)(A), (c)(1)(A)(ii). As further explained by the Third Circuit in

*United States v. Raia*:

> The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). But before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond. *See* [18 U.S.C.] § 3582(c)(1)(A).

954 F.3d 594, 595 (3d Cir. 2020). Therefore, where there has been no request to the BOP to move for compassionate relief or a sentence reduction on their behalf, the district court is without authority to consider prisoners' request for release or a reduction. *Id.; see also United States v. Reyes*, 2020 WL 3415377, at *2 (M.D. Pa. 2020) (holding same).

Here, the Government asserts, *inter alia*, that the Court should deny Defendant's motion under the statute and *Raia* because she has failed to exhaust her administrative remedies with the BOP. (*See* Doc. 123 at 1-2). The Government states that, as of June 23, 2020, it "received confirmation from administrative personnel at FPC Alderson that Aker has not yet requested compassionate release from the facility's warden." (*Id*. at 2). Defendant's motion further indicates that she has not exhausted her administrative remedies to appeal

denial of a request for release or sentence reduction or has even brought to the Warden's attention her desire for a sentence reduction. (*See* Doc. 121).

Therefore, because Defendant has not yet presented her requests to the BOP or requested it bring a claim on her behalf, the Court is without authority to presently consider this motion.[2]

### III. CONCLUSION

For the reasons discussed above, upon consideration of Defendant's motion (Doc. 121) and the Government's brief in opposition, the Court will dismiss Defendant's motion without prejudice due to Aker's failure to exhaust her administrative remedies with the BOP.

_____
Robert D. Mariani
United States District Court Judge

---

[2] Defendant's argument with respect to the Court's determination of the amount of restitution imposed at sentencing, and specifically that "[t]he amount of [$]250,000 was not proven by a preponderance of evidence but based on a hypothetical guess" (Doc. 121) was raised at sentencing and rejected by the sentencing Judge. Defendant did not appeal her sentence, including her restitution amount, to the Court of Appeals, and this argument has therefore been waived.